# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MAUREEN K HUNT,

    Plaintiff,

v.

MARKOFF LAW LLC,

    Defendant.

Case No. 1:21-cv-02009

## COMPLAINT

**NOW COMES** Plaintiff, MAUREEN K HUNT, through undersigned counsel, complaining of Defendant, MARKOFF LAW LLC, as follows:

### NATURE OF THE ACTION

1. This action is seeking redress for Defendant's violation(s) of the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. MAUREEN K HUNT ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at 302 North Wisconsin Street, Carpentersville, Illinois 60110-1845.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. MARKOFF LAW LLC, ("Defendant") is a limited liability company organized and existing under the laws of the state of Illinois.

7. Defendant maintains a principal place of business at 29 North Wacker Drive, Suite 1010, Chicago, Illinois 60606.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).[1]

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

**FACTUAL ALLEGATIONS**

10. On May 14, 2012, Plaintiff received an offer for a credit card from Merrick Bank.

11. Plaintiff's application was approved, and Plaintiff received the credit card in the mail.

12. Plaintiff accepted the terms and conditions by using the credit card for personal and household purchases.

13. Plaintiff experienced financial distress in the early part of 2017.

14. The last payment was credited to the Account on May 4, 2017.

15. Plaintiff failed to make the minimum payment due the following month, or any payment after that.

16. Merrick Bank "charged-off" the Account on December 31, 2017.

17. Merrick Bank sold the Account to N.A.R., Inc. d/b/a North American Recovery after the Account was charged-off—on November 14, 2019.

18. On or around May 12, 2020, Plaintiff's $2,852.60 Account balance was referred for collection.

---

[1] Founded in 1980, Markoff Law is a full-service Creditors Rights and Debt Collection Law Firm…

Our clients vary in size and sophistication from large financial institutions and municipalities to small businesses and professional service providers. From demand letters through post judgment collection strategy, our attorneys are genuinely involved in all aspects of the litigation to maximize recovery for our clients. https://markofflaw.com/about-us/ (last accessed April 14, 2021).

19. Defendant mailed Plaintiff a letter, dated May 12, 2020 (the "Letter"), which stated:

> RE: Creditor: MERRICK BANK, as assignee of
> Amount of Debt: $2,852.60
> Our File No.: 412818
> Other Ref. No.: XXXXXXXXXXXX4212
>
> Dear MAUREEN K HUNT:
>
> Markoff Law LLC represents the above creditor to collect the above amount. We are sending this letter based on account information provided by our client. Please direct any future communications to our office.
>
> IMPORTANT NOTICE
>
> The amount of the debt is $2,852.60.
>
> MERRICK BANK acquired the debt with . MERRICK BANK is now the creditor to whom the debt is owed. The amount due to has been assigned to MERRICK BANK and any payment is to be made to MERRICK BANK.
>
> Unless you notify this office within thirty days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within thirty days from receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail a copy of such judgment or verification. If you request of this office in writing within thirty days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.
>
> This letter is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.
>
> Sincerely,
>
> MARKOFF LAW LLC

20. The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

21. The Letter is the "initial written communication" as required by 15 U.S.C. § 1692g.

22. The $2,852.60 Account balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

23. The Letter stated: "Creditor: MERRICK BANK, as assignee of."

24. The Letter stated: "MERRICK BANK, acquired the debt with ."

25. The Letter stated: "MERRICK BANK is now the creditor to whom the debt is owed."

26. The Letter stated: "[t}he amount due to has been assigned to MERRICK BANK and any payment is to be made to MERRICK BANK."

27. However, Merrick Bank sold the Account to N.A.R., Inc. d/b/a North American Recovery after the Account was charged-off—on November 14, 2019.

## **DAMAGES**

28. Here, the misnomer of the creditor caused Plaintiff concrete harm.

29. Specifically, Plaintiff was confused upon seeing that she still owed money to "Merrick Bank" and she thought the Letter might be a scam.

30. The omission of required information caused actual confusion about the legitimacy of the Letter and carried with it an appreciable risk of harm—namely, that the recipient would fail to exercise his or her rights because the letter was deemed to be a scam.

31. Disclosing the identity of the creditor goes to the heart of what Congress sought to protect in § 1692g(a) of the FDCPA.

32. Plaintiff suffered an informational injury, the "withholding of information when a statute requires its publication." *Robertson v. Allied Solutions, LLC*, 902 F.3d 690, 693 (7th Cir. 2018).

33. This injury satisfies the concreteness element because the failure to accurately identify the creditor impaired Plaintiff's ability to use it for a substantive purpose that the statute envisioned.

34. All debtors need to know who how much they owe, and to whom, because they must decide to do something about the debt—whether to lodge a dispute, pay up, or retain a lawyer, among many other possibilities.

35. Knowing the identity of the creditor, is—like knowing how much one owes— "central to a consumer being able to intelligently respond to an effort to collect a debt." *Untershine*

*v. Encore Receivable Management, Inc.*, 2019 U.S. Dist. LEXIS 134377, 2019 WL 3766564 *3-4 (N.D. Ill. 2019)

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act—15 U.S.C. § 1692 *et seq.*

36. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692g

37. Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

   (1) the amount of the debt;

   (2) **the name of the creditor to whom the debt is owed**;

   (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

   (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

   (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

38. Section 1692g(a) of the FDCPA, which Plaintiff charges Defendant violated here, requires that debt collectors make several disclosures to consumers in their initial communications with them.

39. Among the required items of information are the identity of the creditor and the amount of the debt; it also requires that consumers be informed of their rights to dispute a debt. 15 U.S.C. § 1692g(a).

40. Defendant violated 15 U.S.C. § 1692g(a) by misidentifying the creditor to whom the debt is owed in the Letter as stated, *supra*.

41. Plaintiff may enforce the provisions of 15 U.S.C. § 1692g(a) pursuant to section k of the FDCPA (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the FDCPA] with respect to any person is liable to such person in an amount equal to the sum of -

(1) any actual damage sustained by such person as a result of such failure;

(2)

    (A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 15 U.S.C. § 1692g(a);

B. an award of any actual damages sustained by Plaintiff as a result of Defendant' violation(s);

C. an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D. an award of costs of this action, together with reasonable attorney's fees as determined by this Court; and

E. an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: April 14, 2021        Respectfully submitted,

**MAUREEN K HUNT**

By: */s/ Joseph S. Davidson*

Joseph S. Davidson
LAW OFFICES OF JOSEPH P. DOYLE LLC
105 South Roselle Road
Suite 203
Schaumburg, Illinois 60193
+1 847-985-1100
jdavidson@fightbills.com